NO. 07-02-0525-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 25, 2003


______________________________



JAMES ORION BYWATER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,459-B; HON. JOHN B. BOARD, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., QUINN, J., and BOYD, S.J. (1)

 James Orion Bywater (appellant) appeals from a judgment convicting him of the
unauthorized use of a motor vehicle. Via a single issue, appellant contends that the trial
court erred by entering a cumulation order stacking his sentences for this offense with
another levied in a cause styled State v. Bywater, No. 43,460-B. However, nothing in the
judgment signed by the trial court states that the sentence levied in this cause was or is to
run consecutively to, cumulative to, or in any way after the sentence levied in Cause No.
43,460-B. (2) Nor does any other document in the appellate record so indicate. Thus, we
cannot say that the trial court ordered that the sentence assessed in this cause was to be
cumulative to (i.e. begin to run after) any other sentence and overrule appellant's issue. 

 Accordingly, the judgment is affirmed. 


 Brian Quinn 

 Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Rather, the record indicates that the sentence in Cause No. 43,460-B was to be cumulative to the
sentence in Cause No. 43,459-B, not vice-versa.



se"
 UnhideWhenUsed="false" QFormat="true" Name="heading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-0171-CR, 07-10-0172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



MARCH
15, 2011

 



 

GREGORIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NOS. 2009-455,818, 2009-458,190, 2009-425,597,

 

2009-422,825;  HONORABLE CECIL
PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

ORDER ON ABATEMENT AND REMAND

 

            In these four cases, appellant Gregorio Rodriguez
appeals his convictions on his open pleas of guilty and resulting
sentences.  On our own motion, after
examining the records, we consider our jurisdiction.  See State v. Roberts, 940
S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds, State v.
Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App.
2002) (appellate court may on its own motion address issue of its
jurisdiction). 

            The
reporters record says sentence in each case was imposed in open court on March
3, 2010.  Docket sheet entries in each
case appear to indicate sentencing occurred on March 8.  Our case numbers 07-10-0122-CR and
07-10-0123-CR were misdemeanor convictions. 
The written judgments in these cases state judgment entered and sentence
imposed on this 8th day of March, A.D. 2010. 
Our case numbers 07-10-0171-CR and 07-10-0172-CR were convictions for
state jail felonies.  The written
judgments in these cases state date judgment entered: 3-8-10 and date
sentence imposed/to commence March 8, 2010. 
Also in case numbers 07-10-0171-CR and 07-10-0172-CR a document entitled
waiver of constitutional rights, agreement to stipulate, and judicial
confession indicates it was sworn and subscribed by appellant before a
deputy district clerk on 3-8-10. 
Appellant filed a notice of appeal in each case on April 6, 2010.  

            Our
appellate jurisdiction is triggered through a timely notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App.1996).  In the
absence of a motion for new trial, Rule of Appellate Procedure 26.2(a)(1) requires a notice of appeal be filed within 30 days
after the day sentence is imposed in open court.  Tex. R. App. P. 26.2(a)(1).  The rules of appellate procedure provide for
an extension of time to file the notice of appeal if such notice is filed
within fifteen days after the last day allowed and within the same period a
motion is filed in the court of appeals reasonably explaining the need for such
extension.  Tex. R. App. P. 26.3.  Both the notice of appeal and the motion for
extension of time must be filed within the time provided by the rules.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998) (per curiam); Olivo, 918 S.W.2d at 522.  

Here, the clerks records do not
contain motions for new trial, nor did we receive a motion for additional time
to file a notice of appeal.  It is
therefore evident that establishing the correct date sentence was imposed in
open court is essential to determining our jurisdiction.

            Each
case is therefore abated and remanded to the trial court.  On proper notice, the trial court shall
convene an evidentiary hearing as soon as practicable to determine the
following:

(1)  the correct date on which sentence
was imposed in each case; and 

(2)  if that date was other than March 3,
2010, why the reporters record is incorrect.

Following the hearing, the trial
court shall prepare findings of fact and conclusions of law regarding all
matters it considered in conjunction with this order.  The hearing shall be transcribed and included
in a supplemental reporters record.  The
trial courts findings of fact and conclusions of law as well as any orders
made in compliance with this order shall be included in supplemental clerks
records, for each case.  The supplemental
reporters record, and supplemental clerks records prepared in each case,
shall be filed with the clerk of this court on or before April 4, 2011.  Should additional time be needed to perform
these tasks, the trial court may request same on or before April 4, 2011.

It is so ordered.

Per Curiam

Do not
publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.